UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Jamison, | ) |
|                   Plaintiff, | ) |
| vs. | ) C/A No. 6:11-02578-MBS-KFM |
| Lt. Wright, McCormick C.I.; | ) |
| Officer Anderson, McCormick C.I.; | ) Report and Recommendation |
| Associate Warden Parker; | ) for Partial Summary Dismissal |
| Warden Cartledge, | ) |
|                   Defendants. | ) |

Ricky Jamison, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at McCormick Correctional Institution (MCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. For the reasons that follow, the undersigned recommends the District Judge dismiss the Complaint in this case without prejudice and without issuance and service of process as to Defendants Associate Warden Parker and Warden Cartledge. Service of the Complaint is recommended below for Defendants Lt. Wright and Officer Anderson.

## DISCUSSION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se*

litigant, the Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The Complaint alleges that, on July 26, 2011, Defendants Lt. Wright and Officer Anderson used excessive force while placing Plaintiff in handcuffs. ECF No. 1, page 4. Plaintiff states that his "colonoscopy tube" was pulled out of his stomach during the incident. *Id.* at 5. Plaintiff was placed in a holding cell, "in pain," and "requested medical attention." *Id.* Plaintiff was taken to "medical" by Defendant Associate Warden Parker, where his wound was bandaged by a nurse, but no pain medication was administered. *Id.* Plaintiff was scheduled for surgery, and the tube was replaced "on or about 8-3-11 or 8-4-11." *Id.* Plaintiff indicates that he complained of the alleged assault to Defendant Parker and filed a grievance regarding the incident. *Id.* at 5-6. Plaintiff claims that he was "falsely" charged with threatening to inflict harm on an officer and alleges that Defendant Parker and Defendant Warden Cartledge "failed to dismiss the false charges lodged against him because of the assault." *Id.* at 6. Plaintiff seeks monetary damages for the Defendants' alleged excessive use of force and deliberate indifference to Plaintiff's medical needs. *Id.* at 7.

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

While Plaintiff states sufficient factual allegations against Defendants Wright and Anderson to withstand summary dismissal of his claims, he provides no information to indicate that Defendants Parker or Cartledge were directly involved in the excessive force incident. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302, at *4 n.5 (D.S.C. Jan. 5, 2011)*; Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice,* 40 F.3d 72, 74-75 (4th Cir. 1994); *White v.*

*White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The instant Complaint provides no factual allegations to indicate that Defendants Parker and Cartledge used excessive force against Plaintiff. Nor does Plaintiff allege that these Defendants were deliberately indifferent to Plaintiff's medical needs. In fact, Defendant Parker is named as the individual responsible for securing medical attention for Plaintiff shortly after the incident. Thus, Plaintiff fails to establish a direct violation of his constitutional rights by Defendants Parker and Cartledge.

Next, Plaintiff names Defendants Parker and Cartledge as supervisory officials. A § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir.1999). However, supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, if certain criteria are established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter*, 164 F.3d at 221. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions." *Shaw*, 13 F.3d at 799 (citing *Slakan v. Porter*, 737 F.2d 368, 373-74 (4th Cir. 1984)). "Ordinarily [a plaintiff] cannot satisfy this burden of proof by pointing to a single incident or isolated incidents." *Slakan,* 737 F.2d at 373. Plaintiff presents no facts to demonstrate that Defendants Parker

4

and Cartledge were aware of any pervasive or unreasonable risk of constitutional injury to Plaintiff or were deliberately indifferent to any such risk. Instead, the Complaint indicates that these two Defendants had no direct involvement in the alleged assault and became aware of the incident after it had occurred. As Plaintiff fails to establish personal or supervisory liability against Defendants Parker and Cartledge, they are entitled to summary dismissal from this case.

Finally, Plaintiff alleges that Defendants Parker and Cartledge "failed to dismiss the false charges lodged against [Plaintiff] because of the assault." ECF No. 1, page 6. However, to the extent Plaintiff is seeking monetary damages for due process violations associated with his prison disciplinary proceedings, his claim must fail. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). In the case *sub judice*, Plaintiff has made no allegations or representations to the Court that he lost any good-time credits as a result of the disciplinary action or that his disciplinary conviction resulted in an increase in the sentence imposed.

Further, even if Plaintiff had alleged the implication of a protected liberty interest, his due process claim would still be subject to summary dismissal as barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the United States Supreme

5

Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *Heck*, 512 U.S. at 487. Heck's ruling was subsequently extended to a prisoner's claim for damages regarding loss of good time credits in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983"). *See Edwards v. Ogunsile*, C/A No. 0:09-3319-TLW-PJG, 2011 WL 779884, at *3 (D.S.C. Jan. 24, 2011)("The rule in *Heck* applies to prison disciplinary convictions as well as criminal ones.").

While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affected credits toward release based on good time served, *Heck* bars the § 1983 claim. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004). Plaintiff has not shown that his institutional conviction and sentence have been invalidated. Thus, to the extent Plaintiff may be seeking monetary damages for a disciplinary proceeding resulting in loss of good time credits, his due process claim is barred by the holdings in *Heck* and *Edwards*.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the Complaint in the above-captioned case as to Defendants Associate Warden Parker and Warden Cartledge *without prejudice*. Process shall issue for service on Defendants Lt. Wright and Officer Anderson. **Plaintiff's attention is directed to the important notice on the next page.**

October 17, 2011                                                s/ Kevin F. McDonald
Greenville, South Carolina                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).