IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ricky Jamison,                                     )
                                                   )     C/A No. 6:11-2578-MBS-KFM
                              Plaintiff,           )
                                                   )
            vs.                                    )
                                                   )          **O R D E R**
Lt. Wright, McCormick C.I.; Officer                )
Anderson, McCormick C.I.; and Associate            )
Warden Cartledge,                                  )
                                                   )
                              Defendants.          )
_____            )

Plaintiff Ricky Jamison is an inmate in custody of the South Carolina Department of Corrections. Plaintiff, proceeding pro se, filed a complaint on September 29, 2011, alleging that he was subjected to excessive force and was denied medical care with respect to an incident on July 26, 2011. Plaintiff further asserts that he was falsely charged with threatening to inflict harm on an officer and that Defendants Parker and Cartledge failed to dismiss the disciplinary charges lodged against him because of the incident. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On October 17, 2011, the Magistrate Judge filed a Report and Recommendation in which he determined that Plaintiff had alleged no facts to show that Defendants Parker and Cartledge were directly involved in the excessive force incident, or that they were deliberately indifferent to Plaintiff's medical needs. The Magistrate Judge further determined that no facts support a finding that Defendants Parker and Cartledge could be liable in their supervisory capacities. In addition, the Magistrate Judge noted

that, to the extent Plaintiff seeks monetary damages for a due process violation with respect to any disciplinary action, such recovery is barred because Plaintiff failed to demonstrate (1) that Defendants Parker and Cartledge deprived him of a protectable liberty interest, and (2) tha\t his disciplinary conviction had been overturned, as required by Heck Humphrey, 512 U.S. 477, 487 (1994). Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be dismissed as to Defendants Parker and Cartledge. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs with the Magistrate Judge's recommendations and incorporates the Report and Recommendation herein. Defendants Parker and Cartledge are summarily dismissed without prejudice. The matter is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

November 15, 2011.

2